**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RACHEL DAVIS, Individually and On Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| v. | |
| LI-CYCLE HOLDINGS CORP., AJAY KOCHHAR, and DEBORAH SIMPSON, | **JURY TRIAL DEMANDED** |
| Defendants | |

Plaintiff Rachel Davis ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, her counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Li-Cycle Holdings Corp. ("Li-Cycle" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Li-Cycle; and (c) review of other publicly available information concerning Li-Cycle.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that purchased or otherwise acquired Li-Cycle securities between June 14, 2022 and October 23, 2023, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Li-Cycle is a battery resource recovery company and lithium-ion battery recycler which recycles battery manufacturing scrap and end-of-life batteries to produce black mass, a powder-like substance which contains a number of valuable metals, including lithium, nickel, and cobalt. The Company seeks to open post-processing facilities to process black mass, and its first facility is being constructed in Rochester, New York (the "Rochester Hub").

3.      On October 23, 2023, before the market opened, Li-Cycle announced that it would halt construction work on its Rochester Hub project pending a comprehensive review of the project including construction strategy, even though "engineering and procurement for the project are largely complete." The Company disclosed it had "recently experienced escalating construction

costs" and now "expects the aggregate cost for the current scope of the project to exceed its previously disclosed guidance."

4.     On this news, Li-Cycle shares declined by $1.04, or approximately 45.81%, to close at $1.23 per share on October 23, 2023, on unusually heavy trading volume.

5.     Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company's Rochester Hub was experiencing escalating construction costs; (2) that these "escalating construction costs" exceeded the expected aggregate cost of the project; (3) that, as a result, the Company would be forced to temporarily halt construction and reevaluate the construction strategy for the Rochester Hub; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

6.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud

or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.

10.    In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## **PARTIES**

11.    Plaintiff Rachel Davis, as set forth in the accompanying certification, incorporated by reference herein, purchased Li-Cycle securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12.    Defendant Li-Cycle is incorporated in Ontario, Canada with its principal executive offices located in Toronto, Ontario, Canada. Li-Cycle's common shares trade on the NYSE exchange under the symbol "LICY." The Company's first commercial facility is being constructed in Rochester, New York.

13.    Defendant Ajay Kochhar ("Kochhar") was the Company's President and Chief Executive Officer ("CEO") at all relevant times. Kochhar is a co-founder of Li-Cycle.

14.    Defendant Debra Simpson ("Simpson") was the Company's Chief Financial Officer ("CFO") at all relevant times.

15.    Defendants Kochhar and Simpson (together, the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market. The Individual Defendants

were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

16.    Li-Cycle is a battery resource recovery company and lithium-ion battery recycler which recycles battery manufacturing scrap and end-of-life batteries to produce black mass, a powder-like substance which contains a number of valuable metals, including lithium, nickel, and cobalt. The Company seeks to open post-processing facilities, to process black mass, and its first facility is being constructed in Rochester, New York (the "Rochester Hub").

17.    In March 2022, the Company announced that it had received the necessary permits and began construction of the Rochester Hub. The Company targeted commissioning the facility in 2023, and the Rochester Hub was expected to process 35,000 tonnes of black mass annually and to generate approximately 42,000 to 48,000 tonnes of nickel sulphate, 7,500 to 8,500 tonnes of lithium carbonate and 6,500 to 7,500 tonnes of cobalt sulphate. Li-Cycle expected the total capital investment for the Rochester Hub to be approximately $485 million.

**Materially False and Misleading**
**Statements Issued During the Class Period**

18.    The Class Period begins on June 14, 2022. On that day, Li-Cycle announced its

second quarter 2022 financial results in a press release, stating the Company had "Progressed the

Rochester Hub and *continue[s] to be on track for commissioning in 2023*."[1]

19.    Also on June 14, 2022, the Company submitted to the SEC a Form 6-K to report

its second quarter 2022 financial results. Attached as Exhibit 99.3 was "Management's Discussion

And Analysis Of Financial Condition And Results Of Operations" wherein the Company stated:

> *Li-Cycle estimates that the Rochester Hub will require a total capital investment*
> *of approximately $485 million (+/-15%),* based on the results of the definitive
> feasibility study, which can be funded from existing balance sheet cash and cash
> equivalents.
>
> Li-Cycle has engaged Hatch Ltd. as its engineering and procurement contractor.
> Hatch is also providing select construction management services such as onsite
> field engineering support and overall project scheduling for the Hub project.
> Procurement activities have commenced on all equipment and select construction
> materials for the Rochester Hub. Li-Cycle commenced construction on the
> Rochester Hub site in January 2022 and has engaged Mastec Inc. as its general
> contractor. *The Company expects the Rochester Hub to reach mechanical*
> *completion in 2023.*

20.    On September 14, 2022,  Li-Cycle announced its third quarter 2022 financial results

in a press release ("3Q22 Press Release"), stating the Company had "Progressed construction at

the Rochester Hub; *on track to commence commissioning in stages in calendar 2023*[.]"

21.    Concurrent with the 3Q22 Press Release, the Company submitted to the SEC a

Form 6-K to report its third quarter 2022 financial results. Attached as Exhibit 99.3 was

"Management's Discussion And Analysis Of Financial Condition And Results Of Operations"

---

[1] Unless otherwise stated, all emphasis in bold and italics hereinafter is added, and all footnotes
are omitted.

wherein the Company reiterated that "***The Company expects the Rochester Hub to commence commissioning in phases in calendar 2023.***" Moreover, Defendants stated:

> Li-Cycle estimates that the ***Rochester Hub will require a total capital investment of approximately $485 million (+/-15%),*** based on the results of the definitive feasibility study, which can be funded from existing balance sheet cash and cash equivalents.

22.     On January 30, 2023, Li-Cycle announced its fourth quarter 2022 and full year 2022 financial results in a press release, which stated, in relevant part:

> Advanced the Rochester Hub with key engineering, procurement, and construction milestones; ***continue to be on track for both project budget and schedule, to commence commissioning in late calendar 2023***;

*        *        *

> ***Maintained project budget and schedule for the Rochester Hub***, expected to be the first commercial hydrometallurgical battery resource recovery facility in North America;

*        *        *

> "We are pleased by our strong fourth quarter operating performance as we brought on our third-generation Arizona and Alabama Spokes, which have a first-of-its-kind full battery pack processing capabilities," said Ajay Kochhar, Li-Cycle President and Chief Executive Officer. "Also significant, at our Rochester Hub, we made meaningful progress on engineering, procurement, and construction, ***keeping us in-line with our targeted budget and schedule, with commissioning expected to commence in late calendar 2023***."

*        *        *

> The Rochester Hub has made significant progress to date on key engineering, procurement, and construction milestones. Through January 2023, these include:
>
> • >90% process equipment ordered;
>
> • Achieved nearly 75% completion of the warehouse and associated administration center for storage of black mass and finished battery-grade materials;
>
> • Progressed construction of the cobalt, nickel and manganese process buildings;
>
> • ~65% of detailed engineering completed; and

• Largely completed civil works, underground utilities and electrical infrastructure.

***These achievements are expected to keep the project on track to initiate commissioning in late calendar 2023, and capital costs within the targeted budget ($486 million +/-15%)***.

23.     On February 6, 2023, the Company submitted to the SEC its Form 20-F reporting financial results for the fiscal year ended October 31, 2022. Therein, the Company stated: "The Rochester Hub has made significant progress to date on key engineering, procurement and construction milestones and is ***expected to initiate commissioning in stages in late calendar 2023***."

24.     On May 15, 2023, Li-Cycle announced its first quarter 2023 financial results in a press release ("1Q23 Press Release"), stating in relevant part:

• Advanced the construction of Rochester Hub, ***maintaining budget and schedule to commence commissioning in late 2023***;

*        *        *

The Rochester Hub has continued to make significant strides on construction milestones, with procurement of long lead process equipment ahead of schedule and detailed engineering largely completed. ***The project remains on schedule for commissioning in late 2023 with construction costs within budget, trending at the higher end of the $486 million to $560 million range***.

25.     Concurrent with the 1Q23 Press Release, the Company submitted to the SEC its Form 6-K to report its first quarter 2023 financial results. Attached as Exhibit 99.3 was "Management's Discussion And Analysis Of Financial Condition And Results Of Operations" wherein the Company reiterated that "the Rochester Hub has made significant progress to date on key engineering, procurement and construction milestones and is ***expected to initiate commissioning in stages in late 2023.***" Moreover, Defendants stated:

***Li-Cycle estimates that the Rochester Hub will require a total capital investment of approximately $486 million (+/-15%)*** based on the definitive feasibility study.

Costs for the Rochester Hub are trending towards the higher end of the budgeted range, with spend to date of $178.4 million at March 31, 2023.

26.    On August 14, 2023, Li-Cycle announced its second quarter financial results in a press release ("2Q23 Press Release"), which stated:

- Advanced construction of the Rochester Hub, **maintaining start of commissioning in late 2023**; successfully received and installed the largest piece of progress equipment on site – video link here [link omitted];

*    *    *

The Rochester Hub achieved significant milestones and **remains on schedule to start commissioning in late 2023.** Detailed engineering and procurement are nearly complete. Construction activities are progressing on site, with major buildings nearing completion, steel and concrete installation progressing, alongside the start of mechanical and electrical equipment installation. **The Company is focused on actively managing the construction labor as part of the Rochester Hub construction budget of $560 million.**

27.    Concurrent with the 2Q23 Press Release, the Company submitted to the SEC a Form 6-K to report its second quarter 2023 financial results. Attached as Exhibit 99.3 was "Management's Discussion And Analysis Of Financial Condition And Results Of Operations" wherein the Company reiterated:

The Rochester Hub has made significant progress to date on key engineering, procurement and construction milestones and is **expected to initiate commissioning in stages starting in late 2023**. Detailed engineering and procurement are nearly complete. **Construction activities are processing on site, with major buildings nearing completion, steel and concrete installation progressing, alongside the start of mechanical and electrical equipment installation. The Company is focused on actively managing the construction labor as part of the Rochester Hub construction budget of $560 million.** Capital expenditures for the Rochester Hub were $70.9 million during the three months ended June 30, 2023 with spend to date of $227.0 million at June 30, 2023.

28.    The above statements identified in ¶¶ 18-27 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company's Rochester Hub was experiencing escalating construction costs; (2) that these "escalating

construction costs" exceeded the expected aggregate cost of the project; (3) that, as a result, the

Company would be forced to temporarily halt construction and reevaluate the construction strategy

for the Rochester Hub; and (4) that, as a result of the foregoing, Defendants' positive statements

about the Company's business, operations, and prospects were materially misleading and/or lacked

a reasonable basis.

## Disclosures at the End of the Class Period

29.    On October 23, 2023, before the market opened, Li-Cycle issued a press release

entitled "Li-Cycle Announces Review of the Rochester Hub Project," which revealed:

> As previously disclosed, engineering and procurement for the project are largely
> complete, with the current focus being on construction activities on site. *Li-Cycle
> has recently experienced escalating construction costs. Accordingly, the
> Company expects the aggregate cost for the current scope of the project to exceed
> its previously disclosed guidance. In light of these developments, the Board of
> Directors has decided to pause construction work on the Rochester Hub, pending
> a review of the project, including an evaluation of the go-forward phasing of its
> scope and budget, including construction strategy*. Li-Cycle continues to work
> closely with the U.S. Department of Energy ("DOE") with respect to the previously
> announced $375 million loan commitment through the Advanced Technology
> Vehicles Manufacturing ("ATVM") program for the project, in conjunction with
> the project review.

30.    On this news, Li-Cycle shares declined by $1.04, or approximately 45.81%, to close

at $1.23 per share on October 23, 2023, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

31.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil

Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased

or otherwise acquired Li-Cycle securities between June 14, 2022 and October 23, 2023, inclusive,

and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the

officers and directors of the Company, at all relevant times, members of their immediate families

and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

32.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Li-Cycle's shares actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class.  Millions of Li-Cycle shares were traded publicly during the Class Period on the NYSE.  Record owners and other members of the Class may be identified from records maintained by Li-Cycle or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

33.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

34.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

35.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)      whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Li-Cycle; and

(c)      to what extent the members of the Class have sustained damages and the proper measure of damages.

36.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

37.      The market for Li-Cycle's securities was open, well-developed and efficient at all relevant times.  As a result of these materially false and/or misleading statements, and/or failures to disclose, Li-Cycle's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Li-Cycle's securities relying upon the integrity of the market price of the Company's securities and market information relating to Li-Cycle, and have been damaged thereby.

38.      During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Li-Cycle's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading.  The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Li-Cycle's business, operations, and prospects as alleged herein.

39.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Li-Cycle's financial well-being and prospects.  These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

40.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

41.     During the Class Period, Plaintiff and the Class purchased Li-Cycle's securities at artificially inflated prices and were damaged thereby.  The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

42.     As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced

in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.  As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Li-Cycle, their control over, and/or receipt and/or modification of Li-Cycle's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Li-Cycle, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

43.    The market for Li-Cycle's securities was open, well-developed and efficient at all relevant times.  As a result of the materially false and/or misleading statements and/or failures to disclose, Li-Cycle's securities traded at artificially inflated prices during the Class Period.  On August 12, 2022, the Company's share price closed at a Class Period high of $8.08 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Li-Cycle's securities and market information relating to Li-Cycle, and have been damaged thereby.

44.    During the Class Period, the artificial inflation of Li-Cycle's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Li-Cycle's business, prospects, and operations.  These material misstatements and/or omissions created an unrealistically positive assessment of Li-Cycle and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares.  Defendants' materially false and/or misleading statements during the Class Period resulted

in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

45.    At all relevant times, the market for Li-Cycle's securities was an efficient market for the following reasons, among others:

(a)    Li-Cycle shares met the requirements for listing, and was listed and actively traded on the NYSE, a highly efficient and automated market;

(b)    As a regulated issuer, Li-Cycle filed periodic public reports with the SEC and/or the NYSE;

(c)    Li-Cycle regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)    Li-Cycle was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

46.    As a result of the foregoing, the market for Li-Cycle's securities promptly digested current information regarding Li-Cycle from all publicly available sources and reflected such information in Li-Cycle's share price. Under these circumstances, all purchasers of Li-Cycle's securities during the Class Period suffered similar injury through their purchase of Li-Cycle's securities at artificially inflated prices and a presumption of reliance applies.

47.    A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972),

because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions. Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions. Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

48.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Li-Cycle who knew that the statement was false when made.

## FIRST CLAIM

### Violation of Section 10(b) of The Exchange Act and
### Rule 10b-5 Promulgated Thereunder
### Against All Defendants

49.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

50.    During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Li-Cycle's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

51.    Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Li-Cycle's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

52.    Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Li-Cycle's financial well-being and prospects, as specified herein.

53.    Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course

of conduct as alleged herein in an effort to assure investors of Li-Cycle's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Li-Cycle and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

54.    Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

55.    Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and

for the purpose and effect of concealing Li-Cycle's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

56.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Li-Cycle's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Li-Cycle's securities during the Class Period at artificially high prices and were damaged thereby.

57.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Li-Cycle was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Li-Cycle securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

58.     By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

59.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

### SECOND CLAIM

**Violation of Section 20(a) of The Exchange Act**
**Against the Individual Defendants**

60.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

61.     Individual Defendants acted as controlling persons of Li-Cycle within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

62.     In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the

particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

63.    As set forth above, Li-Cycle and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)    Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: November 8, 2023

  _/s/ Gregory B. Linkh_____
**GLANCY PRONGAY & MURRAY LLP**
Gregory B. Linkh (GL-0477)
Rebecca Dawson
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340

Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Attorneys for Plaintiff Rachel Davis*

# SWORN CERTIFICATION OF PLAINTIFF

## LI-CYCLE HOLDINGS CORP. SECURITIES LITIGATION

I, Rachel Davis, certify that:

1. I have reviewed the Complaint, adopt its allegations, and authorize the filing of a Lead Plaintiff motion on my behalf.

2. I did not purchase the Li-Cycle Holdings Corp. securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4. My transactions in Li-Cycle Holdings Corp. securities during the Class Period set forth in the Complaint are as follows:

   (See attached transactions)

5. I have not sought to serve, nor served, as a representative party on behalf of a class under this title during the last three years, except for the following:

6. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

| | |
|---|---|
| 11/6/2023 | *Rachel Davis* |
| Date | Rachel Davis |

**Rachel Davis' Transactions in Li-Cycle Holdings Corp. (LICY)**

| Date | Transaction Type | Quantity | Unit Price |
|---|---|---|---|
| 11/16/2022 | Bought | 100 | $6.1100 |